Per Curiam.
When this case was before this court the first time, the judgment was reversed and a new trial granted for an error of the judge, in refusing to charge as requested upon a point not now material to be noticed; but we thought that the evidence was sufficient to go to the jury under the circumstances, and that the refusal to nonsuit was not error. The theory of liability was that if the train had stopped, or so nearly stopped as to appear to be standing still, it was not *220 negligence for the deceased to cross the street; and that starting the cars in a backward motion from an actual or apj>arent rest, without' proper signal or warning, was sufficient for the jury to predicate negligence of defendants as the cause of the injury. The last trial did not develop such a change of facts, as to require a different decision. There was no fact established from which, as matter of law, we can "impute negligence to the intestate, or which absolutely relieves the defendant from the imputation of negligence.
The most that can be said is. that the case of the plaintiff, which was not strong before, is a shade weaker now. The train did not probably come to a dead stop; but it might be inferred that it was at the point of stopping, and that the intestate, in looking at it, was justified in supposing it to be standing still, and, consequently, justified in crossing the street; and that, although there was no great suddenness to the motion, it was accelerated in order to pass Quaekenbush street; and that the absence of a visible light, or other means of warning, at the rear end of the train while being backed through a public street of the city, constituted a sufficient fault on the part of the company to render them liable for the injury. We think the previous decision of the court requires us to hold that the refusal to nonsuit was not error.
We must, therefore, consider whether any error was committed by the judge in the refusals to charge as requested. The propositions contained in the first and second requests were charged as requested. They embrace the proper instructions as to the negligence of the deceased, and are, in substance, that if the deceased saw the train approaching, or failed to look in order to see if the. train was coming, she was guilty of negligence and the plaintiff could not recover. The third request was that if the jury believed that deceased could, before going on the track, have seen the approaching train by looking, then her being on the track where the train hit her, under the circumstances of the case, was conclusive evidence of contributory negligence, and the plaintiff could not recover. The judge said at first “ I so charge;” and then *221 added, “ I charge, not that it is negligence, but evidence of negligence. I decline to charge that it is conclusive evidence. I will say it is high evidence.” The propositions to the court were evidently prepared with critical care. The word “ conclusive ” evidence, in this request, means nothing more than that the facts stated constituted negligence in law, and the court was asked to so charge.
The first and second requests, which were charged, were that if deceased saw the train moving, or didn’t look to see if it was coming, the plaintiff could not recover; and it is claimed by the counsel that this is substantially the same request, with the variation only, that if the deceased could have seen the train moving and went on the track she was guilty of negligence. If this is the proper construction of the request it is substantially embraced in the first two requests. If she could see the train moving, she either did see it, or did not look to see it. In either case, the court charged that the plaintiff could not recover. But the language of the request is that if the deceased could have seen the “approaching train,” it was negligence to go on the track. It may be claimed, from the evidence, that the train was in fact approaching, though imperceptibly; and it is clear that deceased could have seen the train; but this does ■not reach the precise point requisite to establish her negligence, which was that she could see that the train was moving. To say that she could see the approaching train, is only saying that she could see the train which was in fact approaching; while, to say that she could see the train approaching, is to affirm the vital fact that she could see that the train was moving.
. This distinction was recognized in our previous decision. The request, the refusal to' charge which we held to be error, was that if the deceased saw the train approaching and went on the track she was guilty of negligence, and if she could see by looking that it was approaching, it would follow that she did see it moving, or did not look, which in either ease •would be negligence. The same distinction is made in the *222 different requests to charge. We are to presume that the change in phraseology in this request was intentional. To give it the other construction it would involve the same principle which the court had distinctly charged in the first two requests, and it cannot be supposed that the court intended to change its ruling. It is evident that neither court nor jury so understood it. Upon the construction here indicated the charge of the court was quite as favorable to the defendant as could be justified.
The fourth request was refused, that it was immaterial whether the bell was rung, or whether there was a light at the rear end of the car. If this request was based upon the idea that there was conclusive evidence of the negligence of deceased, it cannot, as we have seen, be sustained. As to the ringing of the bell there was no evidence entitled to consideration in conflict with that of the fireman and engineer as to the fact whether ‘the bell was rung or not. But the absence of a light or other proper signal or warning at the rear end of the car was material, upon the question of the defendant’s negligence, and also as explanatory of the conduct of the deceased. The running of a train backward through a public street of a city in the night, without light, signal, or warning at the rear end of the train, at any rate of speed, is evidence upon the question of negligence, and the location and sufficiency of the light on this train was properly left to the jury.
The fifth request and charge relate to the negligence of the defendant. The request was that the rate of speed sworn to by a particular witness was not evidence of negligence. The response of the court was that if they gave the train a sudden and undue impetus, it was evidence of negligence. There was no claim on the trial that the rate of speed per se was evidence of negligence, nor did the court intend so to charge. The fair import of this instruction is, that if the impetus or motion given to this train was, under the circumstances of warning or signal, undue or improper, it was evidence of negligence. It would be a strained construction to hold that the *223 judge intended to charge, that if proper signal and warning were given, indicating that the train was moving backward, any speed proved on the trial would constitute negligence.
It would have been more satisfactory if the learned judge had explained what was meant by “ undue impetus,” but we are required to give the charge such a construction as will sustain the ruling, if we are satisfied "that the jury could not be misled.
The sixth request was that there was no evidence of any sudden or undue increase of speed before the deceased was hit. The court responded that this was a question of fact, and stated that there was no evidence of the rate of increase. This was not error. The propriety of the application of the word “sudden” depended upon the construction of the evidence, and “ undue ” upon all the circumstances. These were questions of fact, as also whether the movement took place before the deceased was hit or not.
The seventh request was that if the train continued its motion all the way from the Union depot to where deceased was hit, and she could home seen the travn, the plaintiff could not recover. The court so charged, “ unless there was a sudden and undue increase of speed.” The request is subject to the same criticism as the third request. It seeks to predicate negligence upon the ability of the deceased to see the train, and ignores the vital circumstance that she saw, or could have seen, that it was in motion.
The eighth request lacks the same element of fact to make it conclusive of negligence against the deceased.
The ninth request assumes that the deceased saw the train moving, and asks the court to charge that if she went upon the track supposing that the rate of speed would not be increased, and that she could therefore cross in safety, it was negligence, and the plaintiff could not recover, and the court properly so charged. This charge, together with the first and second requests which were also charged, threw light upon other portions of the charge which, standing alone, might appear ambiguous. The court clearly held that if the deceased *224 saw or could have seen that the train was in motion, it was negligence for her to cross so near the train as to be hit, although the motion of the train may have been accelerated suddenly or otherwise, and although the defendant may have been negligent in not having or giving a proper light or warning. We feel constrained therefore to reverse the order of the General Term, and affirm judgment for plaintiff on verdict.
All concur.
Order reversed and judgment accordingly.